JAMES ROBERTSON, AN INFANT, BY MARY ROBERTSON, HIS GUARDIAN AD LITEM, APPELLANT, *v.* JOSHUA BARNUM AND STEPHEN C. BARNUM, RESPONDENTS.

29  657
46ap297
f46ap298
47ap639

*Security for costs — when the guardian of an infant plaintiff must give it — amount of it — Code of Civil Procedure, sec. 3272.*

Under section 3272 of the Code of Civil Procedure the court, upon an application to compel the guardian of an infant plaintiff to file security for costs, cannot require security for more than $250 to be given.

Where a party moves promptly he is entitled, as a matter of right, to an order requiring the guardian to give security as therein provided, but where he neglects so to move, the granting or withholding of the order rests in the discretion of the court.

APPEAL from an order made at a Special Term requiring the plaintiff to pay into court the sum of $500, or at his election to give an undertaking therefor, to secure the payment of any costs that might be awarded against him.

The action was brought to recover damages for injuries alleged to have been sustained by the infant plaintiff, by reason of the negligence of the defendants.

*William H. Raynor*, for the appellant.

*Walter S. Poor*, for the respondents.

PRATT, J.:

The defendants, after answering the complaint and before noticing the cause for trial, obtained an order to show cause, returnable less than eight days, why the plaintiff should not file security for costs. On the return day the motion was argued upon the merits and an order entered granting the motion and fixing the amount at $500, from which the appeal is taken.

A number of technical objections were made at the hearing and properly overruled, as it sufficiently appeared that the papers were in proper form; that due service had been made and the proper parties were before the court.

An objection is made that the court below had no power to fix the amount of security to be given at five hundred dollars. This objection we regard as fatal. Under the former Code and the Revised Statutes, it was held that the power to require security for costs existed in the Supreme Court, independent of the statute. (*Dyer* v. *Dunivan*, 3 How., 135; *McDonald* v. *Brass Goods Co.*, 2 Abb. N. C., 434, and other cases.)

The statute (sec. 4, tit. 2, chap. 10, part 3) upon the subject reads as follows: "Such security shall be given in the form of a bond, in a penalty of at least two hundred and fifty dollars," etc., etc.

It will be observed that no restriction was imposed as to amount, except that contained in the words " at least two hundred and fifty dollars."

Assuming that the court has the power to require security for costs, independent of the statute, the question to be determined here is whether the amount which shall be required in any case rests in the discretion of the court, or is restricted by the provisions of the new Code.

By section 3268 a defendant may require " an infant whose guardian *ad litem* has not given such security " to give security. Section 3272 provides that where such security is required to be given, upon due proof a judge " must make an order requiring the plaintiff, within a time specified, either to pay into court the sum of two hundred and fifty dollars, * * * or at his election to file with the clerk an undertaking." * * * There are other provisions authorizing a stay of proceedings to enforce the order; also for requiring further security in certain cases. All these provisions taken together form a system of practice upon this subject, and are exclusive of any discretion of the court upon the matter specified. In the first instance the defendant in such a case is entitled to the order provided for, *ex parte*, and the plaintiff is entitled to elect whether to pay into court $250 or file an undertaking. This provision operates as a restriction as to the form of the order in fixing the amount, and therefore the discretion to fix the amount at a sum

exceeding that named in the new Code no longer remains in the judge. That this is the proper construction to be placed upon section 3272 seems clear by reference to section 3276, which provides that " at any time after the allowance of an undertaking given pursuant to such an order, or as prescribed in section 3278 of this act, the court or a judge thereof, upon satisfactory proof by affidavit that the sum specified in the undertaking is insufficient, * * * must make an order requiring the plaintiff to give an additional undertaking." By the use of the words " at any time after," in section 3276, it is plain that it was the intent of the legislature to give a plaintiff an opportunity to elect to pay into court $250, before he should be required to file an undertaking.

The order appealed from did not give to the plaintiff the election provided for in section 3272 of the Code, but required him to deposit $500 or give security in like amount. This we think was beyond the power of the court. In the first instance it is a duty of a defendant, in a case wherein he is entitled under the new Code to security for costs, to move promptly. The rule was well settled under the former practice that unless he moved without delay it might be regarded as a waiver, although it rested in the discretion of the court of original jurisdiction to grant such an order at any stage of proceedings in the case. (*Gedney* v. *Purdy*, 47 N. Y., 676.) It is the duty of the court to appoint a responsible guardian *ad litem*, and it is a harsh rule to require security for costs in every instance where an infant is a party, and it is not to be extended beyond the terms stated in the statute. Our attention has not been called to any section of the Code, or any authority changing the previous practice, except in the matters already referred to, so that it seems that the court is bound, if a party moves promptly, to grant an order under the terms of section 3272 of the Code. If, however, a party neglects so to move, then it becomes a matter of judicial discretion upon the facts disclosed whether to grant or refuse such an order. Applying the foregoing rules to the facts in this case it follows that the defendant having failed to move without delay it was a matter of discretion depending upon the facts, but the court was bound not to exceed in the first instance the limit fixed by the Code on the subject of amount of security to be given; the facts having clearly required an order to be made. The infant had no

estate and the guardian was utterly irresponsible; that order, therefore, was erroneous only in the amount required.

The order, therefore, must be modified in this respect, and so modified affirmed; ten dollars costs and disbursements to the plaintiff to abide the event.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Order requiring deposit of $500, or security for costs, modified by reducing amount to amount required by the Code, and as modified affirmed, with costs and disbursements.